GOSHORN, Chief Judge.
The Department of Health and Rehabilitative Services (HRS) conducted an investigation concerning an alleged incident of child abuse by the child’s foster mother, R.M., and classified the report as “PROPOSED CONFIRM.” HRS denied R.M.’s request to expunge the report and R.M. requested an administrative hearing pursuant to Chapter 120, Florida Statutes (1991). After receiving evidence, the hearing officer made a factual finding that the child’s injury was accidently caused by R.M. and did not constitute child abuse as defined by the legislature in Chapter 415, Florida Statutes (Supp.1992). HRS rejected the hearing officer’s finding and issued a final order denying R.M.’s request for expunction of the child abuse report. We reverse.
Section 120.57(l)(b)10, Florida Statutes (Supp.1992) provides in pertinent part:
The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order. The agency may not reject or modify the findings of fact, including findings of fact that form the basis for an agency statement, unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. [Emphasis added].
However, it is evident from the record that, contrary to this statutory provision, HRS did not review the record before rejecting the hearing officer’s factual finding of accidental injury because the transcript of the proceeding was not prepared until two months after HRS entered its final order. In an attempt to avoid the requirement of the statute, HRS characterizes as a “conclusion of law” the hearing officer’s finding that the incident was an accident. HRS argues that an accidental injury caused by a caretaker, if coupled with neglect or negligence, constitutes abuse.
While we recognize that HRS’s argument may have validity under certain specific factual scenarios, we note that its argument misses the mark in this case. *811 Here, there is no proof or even an allegation of neglect or negligence. We are faced with only the hearing officer’s factual finding, supported by the evidence, that the incident was accidental.[1] Accordingly, we reverse and remand with instruction to expunge FPSS report # 91-069724.
REVERSED and REMANDED.
COBB, J., concurs.
HARRIS, J., dissents with opinion.

. Unlike HRS, we have had the benefit of a review of the hearing transcript.